**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Carolina Buggy Tours, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 9:06-cv-3435-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Walter L. Gay Sr., individually and d/b/a Sea Island Carriage Company, | ) ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| _____ | ) | |
| | ) | |
| Walter L. Gay, Sr., individually and d/b/a Sea Island Carriage Company, | ) ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John Trask, Jr., Jo Ann Lukowski, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

On December 7, 2006, the plaintiff brought this action against Wild Billy Corporation, Peter K. White, Individually and d/b/a Southurn Rose Buggy Tours, Rosanna L. White, Individually and d/b/a Southurn Rose Buggy Tours, and Walter L. Gay, Sr., Individually and d/b/a Sea Island Carriage Company. According to the plaintiff, a Beaufort City ordinance provides that all horse drawn carriages for hire shall operate on a queuing system and shall first obtain a license. Beaufort will issue no more than two licenses to companies that operate in the

city.  Licenses are issued on the basis of a "sealed bidding process"[1] every five years.  In October of 2006, the City accepted bids and established a $10,000.00 minimum.  Wild Billy Corporation together with Southurn Rose Buggy Tours, operated by Peter K. White and Rosanna L. White submitted a bid of $26,113.00.  The plaintiff alleges that Peter K. White informed the defendant, Walter Gay, Sr. ("Gay") of the amount of his bid.  Gay submitted a bid of $26,108.00.  The plaintiff submitted a bid of $10,000.00 or 4% of its gross receipts.  The plaintiff has settled with Wild Billy Corporation, Peter K. White, Rosanna L. White, and Southurn Buggy Tours.

I.  Motion for Summary Judgment

On May 16, 2008, Gay moved for summary judgment.  According to Gay, there is no evidence that he entered into a civil conspiracy or is liable for violating the Sherman Act, the Clayton Act, or the South Carolina Unfair Trade Practices Act.  In support of his motion, Gay set forth his own affidavit and affidavits of Peter K. White and Rosanna L. White.  Each affiant avers that he or she did not enter into a conspiracy or violate said acts, that the plaintiff's allegations are false, and that the affiant is unaware of any evidence to support the same.

    A.  Standard for Deciding a Motion for Summary Judgment

When a party has moved for summary judgment, the judgment sought shall be rendered if: "The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue

---

[1] The ordinance provides that licenses are issued following a "sealed bidding process." The ordinance does not define a "sealed bidding process." Nor has any party shown what a "sealed bidding process" is.

as to any material fact and (2) he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 247, 248 (1986).  An issue of such material fact is "genuine" if the evidence so offered is such that a reasonable jury might return a verdict for the non-movant.  <u>Id</u>. at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  <u>U.S. v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

   Rule 56(e) of the Federal Rules of Civil Procedure provides that a supporting or opposing affidavit "must be made on personal knowledge, set out the facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e).  The affidavits that have been set forth by the defendant do not set out facts concerning the plaintiff's allegations that would be admissible in evidence.  Failure to do so is not fatal to the defendant's motion for summary judgment.  "The use of affidavits is in the discretion of the parties." Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 10 B Federal Practice and Procedure § 2738.  Rule 56 of the Federal Rules of Civil Procedure does not make the use of affidavits mandatory.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23);  <u>Fletcher v. Evening Star Newspaper Co.</u>, 133 F.2d 395, 396 (D.C. Cir. 1942); <u>Seago v. North Carolina Theatres, Inc.</u>, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd* 388 F.2d 987 (4th Cir. 1967). "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c) is satisfied."  <u>Celotex Corp. v.

Catrett, 477 U.S. 317, 322 (1986).

  B.  Insufficiency of the Documents to Create a Fact Issue

  In response to the defendant's motion for summary judgment, counsel for the plaintiff submitted his own affidavit stating that an attached copy of a newspaper article, correspondence with the City of Beaufort, and ordinance in issue are true and accurate copies.  First, the affidavit does not satisfy Rule 56(e)'s requirements.  The affidavit is not made on personal knowledge; nor does it "set out the facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e).  Second, a newspaper article is hearsay.  Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed. R. Ev. 801(c).  A newspaper article attached to plaintiff counsel's affidavit reports that Peter K. White informed Gay of the amount of his bid.  Plaintiff's counsel has no personal knowledge and cannot testify that White made the alleged statement to Gay.  A newspaper article is not evidence.  Third, the correspondence with the City of Beaufort, and the city ordinances do not show any wrongdoing.  When a motion for summary judgment is made, an opposing party "must- by affidavits or as otherwise provided in [Rule 56]- set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  The plaintiff has failed to set forth a genuine issue of fact for trial.

  C.  Insufficiency of Plaintiff's Allegation to Create a Fact Issue

  In this case, the plaintiff claims that Peter K. White informed Gay of the amount of his bid.  The plaintiff's claim for civil conspiracy fails because the plaintiff has failed to show that the facts alleged constitute wrongdoing.  "The elements a plaintiff must demonstrate in order to prove civil conspiracy include: (1) the combination of two or more people; (2) for the purpose of

injuring the plaintiff; (3) causing the plaintiff special damages.  In order to establish civil conspiracy, evidence . . . must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of an unlawful enterprise."  Moore v. Weinberg, 644 S.E.2d 740, 750 (S.C. 2007).

The plaintiff contends that summary judgment is improper because he can prove the conspiracy through circumstantial evidence.  The plaintiff's contention is without merit because there is no evidence, circumstantial or otherwise, in the record.  "In cases such as this involving an alleged conspiracy, summary judgment should be used sparingly because motive and intent play leading roles, and the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot."  Bradford v. School Dist. No. 20, Charleston, S. C., 364 F.2d 185, 187 (4th Cir. 1966).  However, "this does not mean that granting summary judgment is never proper in such a case."  Id.  The only support for the plaintiff's claim of conspiracy is the plaintiff's allegation that Peter K. White informed Gay of the amount of his bid.  The plaintiff's mere allegation is insufficient to create a genuine issue of material fact.  "In the face of the defendant's properly supported motion for summary judgment, the plaintiff [cannot] rest on his allegations of a conspiracy to get to a jury without any significant probative evidence tending to support the complaint."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  The plaintiff's claim for civil conspiracy fails.

Neither party, in its arguments, has addressed the requirements of the Sherman Act, the Clayton Act, or the South Carolina Unfair Trade Practices Act.  The basis of these causes of action is the plaintiff's allegation that White informed Gay of the amount of his bid. Pl.'s Return to Mot. for Partial Summary J., 5.  The plaintiff's mere allegation is not sufficient to prevent

summary judgment.

The Supreme Court has stated that "the plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In this case, the time for discovery has expired, and the plaintiff has not requested additional time. Instead, the plaintiff's contention is that sufficient evidence exists to defeat the defendant's motion for summary judgment. Pl.'s Return to Mot. for Partial Summary J., 5. The plaintiff's contention fails because there is no evidence in this case. The plaintiff will bear the burden of proof at trial that Gay violated the Sherman Act, the Clayton Act, or the South Carolina Unfair Trade Practices Act. The plaintiff has failed to make a showing sufficient to establish that Gay violated these acts. Based on the record, there is no genuine issue of fact for trial.

The defendant's motion for summary judgment is granted.

**AND IT IS SO ORDERED.**

                                      *C. Weston Houck*
                                    **C. WESTON HOUCK**
                                    **UNITED STATES DISTRICT JUDGE**

July 1, 2008
Charleston, South Carolina