**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Carolina Buggy Tours, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 9:06-cv-3435-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Walter L. Gay Sr., individually and d/b/a Sea Island Carriage Company, | ) ) ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| _____ | ) ) | |
| Walter L. Gay, Sr., individually and d/b/a Sea Island Carriage Company, | ) ) ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John Trask, Jr., Jo Ann Lukowski, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

On December 7, 2006, the plaintiff brought this action for violations of the South Carolina Unfair Trade Practices Act, the Sherman Act, and the Clayton Act. On July 1, 2008, the Court granted Walter L. Gay ("Gay's") motion for summary judgment.

This matter is now before the Court on Gay's motion for a default judgment against John Trask and Carolina Buggy Tours. On December 13, 2006, Gay was served with the complaint. On January 3, 2007, the plaintiff granted Gay a 20 day extension to answer the complaint. Gay had until January 23, 2007 to serve his answer. On January 25, 2007, two days after service was due, Gay hand delivered his *pro se* answer at the office of plaintiff's counsel.

Gay did not designate his *pro se* answer as a counterclaim. Paragraph 39 states in part "this defendant would request of the courts the right to counter-claim against the plaintiff who has for years in competition with the defendant caused loss in profits and revenue, and tremendous stress and problems in trying to conduct business." Federal courts liberally construe *pro se* pleadings however inartfully pleaded. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Therefore, the Court demoninates Paragraph 39 of the defendant's *pro se* answer as a counterclaim.

Rule 7(a) permits an answer to a counterclaim designated as a counterclaim. The defendant's *pro se* answer was not designated as a counterclaim. "The purpose underlying the rule that a reply is necessary only if the counterclaim is designated as such is to avoid problems arising out of the similarity between certain counterclaims and affirmative defenses as well as to provide a clear guideline for the pleader to enable him to determine when he must serve a reply." Charles Alan Wright, Arthur R. Miller, 5 Federal Practice and Procedure §1184 (3d. ed. 2002). In this case, the defendant's mention of the word "counterclaim" in paragraph 39 of his *pro se* answer did not give the plaintiff notice that a reply was needed. On June 23, 2008, the Court held a telephone conference on the defendant's motion for default judgment. At that telephone conference, counsel for the plaintiff stated that he did not interpret Gay's *pro se* answer as containing a counterclaim. The plaintiff was not required to respond thereto within 20 days under Rule 12(a)(1)(B) because the answer was not designated as a counterclaim.

Unless judicial economy dictates otherwise, this Court declines to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed in advance of trial. 28 U.S.C. § 1367. United Mine Workers v. Gibbs, 383 U.S. 715, 717 (1966). The plaintiff's federal

question claims have been dismissed. The defendant's state law counterclaim does not assert a cause of action arising under the Constitution, laws, or treaties of the United States. Nor does the defendant's answer plead diversity of the parties or the jurisdictional amount of damages exceeding $75,000.00.

The Court will not consider Gay's amended answer and counterclaim filed on May 10, 2007, because it fails to comply with the Federal Rules of Civil Procedure. After serving his answer, Gay obtained counsel, who filed an amended answer and counterclaim against the plaintiff without leave of court or the plaintiff's written permission. Gay also asserted a third party claim against John Trask, Jr. According to the plaintiff, when Gay filed his amended answer, the parties were working towards settlement. Therefore, the plaintiff did not move to strike.

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(1)(A) allows amendment of a pleading once as a matter of course before being served with a responsive pleading. No responsive pleading was required to Gay's *pro se* answer because it was not designated as a counterclaim. Rule 15(a)(1)(B) allows amendment of a pleading within 20 days if a responsive pleading is not allowed and the action is not yet on the trial calendar. The defendant failed to amend its counterclaim within 20 days. Before the defendant filed his amended answer and counterclaims, the court had entered a scheduling order setting the case for jury trial.[1] Therefore, the defendant should have requested the Court's leave to amend his pleading. Fed. R. Civ. P. 15(a)(2). The Court will not consider the defendant's

---

[1] After a roster meeting, the defendant moved for default. When the Court considered the defendant's motion, the Court for the first time examined the propriety of defendant's amended answer and counterclaim.

amended answer and counterclaim because he failed to comply with Rule 15.

In addition, the defendant's counterclaim was not warranted.  Had the defendant moved to amend its answer to add the counterclaims asserted in its May 10, 2007 filing, the Court would have denied the motion.  The defendant's counterclaim against the defendant asserts independent claims not arising out of the same action or occurrence.  The plaintiff's complaint asserted claims arising out of a bidding process.  The defendant's counterclaim asserts claims based on a conspiracy related to the parties' businesses.  Ancillary jurisdiction is the power of a district court in a federal question case to address state law claims that derive from a common nucleus of operative fact.  United States v. Cohen,152, F.3d 321, 324-25 (4th Cir. 1998).  The defendant's claims against the plaintiff do not arise from a common nucleus of operative fact.  A federal court has supplemental jurisdiction, in its discretion, over claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367(a).  Supplemental jurisdiction is not proper because the defendant's claims do not form part of the same case or controversy.

In addition, the defendant asserted these claims against John Trask, Jr. without taking steps to make him a part of the action.  Rule 14(a) of the Federal Rules of Civil Procedure authorizes a defendant to bring into a lawsuit any person "not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against it."  Adding a claim against a third-party defendant is proper only when the third party's liability is in some way dependent on the outcome of the main claim.  6 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1446 (3d ed. 2002).  The defendant's claim against John Trask, Jr. is in no way dependent on the plaintiff's claims against the defendant.

Because the Court declines to exercise supplemental jurisdiction over the defendant's state law counterclaim, the period of limitations has been tolled while it is pending in federal court for a period of thirty days after it is dismissed unless the State law provides for a longer tolling period.  28 U.S.C. §1367(d).  The Court advises the defendant to take note of this thirty day provision.

The Court declines to exercise supplemental jurisdiction over the defendant's counterclaim. This action is dismissed without prejudice.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

July 24, 2008
Charleston, South Carolina