**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Walter L. Gay, Sr., individually and d/b/a Sea Island Carriage Company, )<br>)<br>        Defendant and Third-Party Plaintiff, )<br>)<br>        vs. )<br>)<br>Carolina Buggy Tours, )<br>)<br>        Plaintiff, )<br>)<br>        and )<br>)<br>John Trask, Jr., )<br>)<br>        Third-Party Defendant. )<br>_____) | 9:06-cv-3435<br><br>**ORDER** |

      This matter is before the court on Walter L. Gay's ("Gay's") motion to amend his answer and on Gay's motion for reconsideration.

      On December 7, 2006, Carolina Buggy Tours ("Carolina Buggy") brought this action for violations of the South Carolina Unfair Trade Practices Act, the Sherman Act, and the Clayton Act. On July 1, 2008, the Court granted Gay's motion for summary judgment.

      On December 13, 2006, Gay was served with the complaint. On January 3, 2007, Carolina Buggy granted Gay a 20-day extension to answer the complaint. Gay had until January 23, 2007, to serve his answer. On January 25, 2007, two days after service was due, Gay hand delivered his *pro se* answer to the office of Carolina Buggy's counsel. Gay did not designate his *pro se* answer as a counterclaim. On May 10, 2007, Carolina Buggy amended its answer and counterclaim without leave of the Court and without the parties' consent. On July 24, 2008, the

Court dismissed the action without prejudice for lack of jurisdiction.

I. Motion for Reconsideration

On August 6, 2008, Gay moved for reconsideration of the Court's order dismissing this action for lack of jurisdiction. First, Gay claims that he properly amended his answer and counterclaim. Second, Gay argues that his proposed amended answer, counterclaims, and third-party claims arise out of a common nucleus of operative fact. Third, Gay contends that he appropriately made John Trask, Jr. ("Trask") a part of this action.

A. Implied Consent to Gay's Amended Answer, Counterclaims, and Third Party Claims

According to Gay, his amended answer, counterclaims, and third party claims are proper because Trask and Carolina Buggy impliedly consented when they filed their answers. This argument is without merit.[1] After a roster meeting, Gay moved for default. At that time, Carolina Buggy and Trask filed their answers. A litigant may not threaten other parties into consenting to an amendment by moving for a default judgment.

Next, Gay argues that Carolina Buggy and Trask consented to his amendment when they failed to move to dismiss the amended pleading or object thereto. This argument is without merit. The absence of objection does not shelter violations of the Rules of Civil Procedure. Rule 15(a)(1)(A) allows amendment of a pleading once as a matter of course before being served

---

[1] The cases cited by Gay do not support his arguments. In Shirley v. United States, 582 F.Supp. 1251, 1253 (D.S.C. 1981), the court held that the plaintiff consented to the addition of the discretionary function exception when the defendant specifically requested the plaintiff to notify the defendant if the plaintiff wished the defendant to add the defense by motion. Here, Gay did not inquire with the other parties as to whether they wished him to amend his answer by way of motion. In Fleetwood v. Milwaukee Mechanics Ins. Co., 87 F.Supp. 353, 354 (D. Mo. 1950), the court allowed the plaintiff to increase the amount in controversy. In this case, Gay has not simply enlarged the amount in controversy or added a claim or defense related to Carolina Buggy's claims against him. As explained below, Gay asserted claims arising out of the parties' businesses rather than the bidding process.

with a responsive pleading. No responsive pleading to Gay's *pro se* answer was required because the answer was not designated as a counterclaim. Rule 15(a)(1)(B) allows amendment of a pleading within 20 days if a responsive pleading is not allowed and the action is not yet on the trial calendar. Gay failed to comply with Rule 15.

B. Supplemental Jurisdiction

Gay argues that all he needed to amend his answer and counterclaim was the consent of the other parties. According to Gay, his amended claims are proper because "all parties involved in this matter fully understood and appreciated" his claims and "the Court was operating under that belief as well." Mot. for Reconsideration, 8-9. Gay states that the electronic record "denoted the claims against" Trask and Carolina Buggy. These arguments are without merit. The mere docketing of Gay's amended answer, counterclaims and third-party claims does not require the Court to exercise supplemental jurisdiction over his claims.

1. Gay's Amended Counterclaims

After a roster meeting, Gay moved for default. When the Court considered his motion, the Court first examined the propriety of Gay's amended answer, counterclaims, and third party claims. The Court declined to exercise supplemental jurisdiction over Gay's counterclaim after the Court dismissed the federal claims in advance of trial. *See* 28 U.S.C. § 1367; United Mine Workers v. Gibbs, 383 U.S. 715, 717 (1966). A district court has discretion to dismiss or remand claims within its supplemental jurisdiction when the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).

2. Common Nucleus of Operative Fact Lacking

Carolina Buggy's claims and Gay's proposed counterclaims and third party claims lack a

common nucleus of operative fact. Ancillary jurisdiction is the power of a district court in a federal question case to address state law claims that derive from a common nucleus of operative fact. United States v. Cohen, 152, F.3d 321, 324-25 (4th Cir. 1998). A federal court has supplemental jurisdiction, in its discretion, over claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

At a telephone conference concerning Gay's motion for default, the Court indicated that it would not have allowed Gay to amend his claims because the claims do not arise out of the same transaction or occurrence as the original claims brought by Carolina Buggy. Carolina Buggy's claims arose out of a bidding process. Gay's claims are based on a conspiracy related to the parties' businesses. These claims are independent claims not arising out of the same action or occurrence. The Court exercises its discretion and declines to exercise jurisdiction over Gay's claims.

C.  Third Party Claims against John Trask

In addition, Gay's claims against John Trask are improper. Rule 14(a) of the Federal Rules of Civil Procedure authorizes a defendant to bring into a lawsuit any person "not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against it." Adding a claim against a third-party defendant is proper only when the third party's liability is in some way dependent on the outcome of the main claim. 6 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1446 (3d ed. 2002). Gay's claim against John Trask, Jr. is in no way dependent on Carolina Buggy's claims against Gay.

Gay contends that he may assert his claims against John Trask pursuant to Rule 20 of the Federal Rules of Civil Procedure. Rule 20(a)(2)(A) permits the joinder of a person as a defendant when the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences. Gay's claims against Trask do not arise out of the same transaction or occurrence or series of transactions or occurrences as the claims asserted by Carolina Buggy against Gay. Gay's claims against Trask are not a proper part of this action.

II.  Motion to Amend Answer, Counterclaims, and Third Party Claims

On July 24, 2008, the Court dismissed this action without prejudice. On August 6, 2008, Gay moved to amend his answer and counterclaim. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading as a matter of course before being served with a responsive pleading or within 20 days of serving the pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b)(2). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). Gay unduly delayed in moving to amend his answer and counterclaim. He did not so move until after this action was dismissed.

Upon consideration of Gay's arguments and a review of the record, the Court again declines to exercise supplemental jurisdiction over Gay's counterclaim. Accordingly, Gay's motion for reconsideration is denied. Gay's motion to amend his answer, counterclaim, and third

party claims is denied.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

August 22, 2008
Charleston, South Carolina